**Todd M. Friedman (216752)**
**Adrian R. Bacon (280332)**
**Law Offices of Todd M. Friedman, P.C.**
**21550 Oxnard St., Suite 780**
**Woodland Hills, CA 91367**
**Phone: 877-206-4741**
**Fax: 866-633-0228**
**tfriedman@toddflaw.com**
**abacon@toddflaw.com**

*Attorneys for Plaintiff, Edgar Wolff*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EDGAR WOLFF, individually, and on behalf of other members of the general public similarly situated,

Plaintiff,

vs.

HSBC BANK USA, NATIONAL ASSOCIATION,

Defendants.

Case No.

**CLASS ACTION COMPLAINT**

(1) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17500 *et seq*.) and
(2) Violation of Unfair Competition Law (Cal. Business & Professions Code §§ 17200 *et seq*.)

**Jury Trial Demanded**

Plaintiff Edgar Wolff ("Plaintiff"), individually and on behalf of all other members of the public similarly situated, allege as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this class action Complaint against Defendant HSBC BANK USA, NATIONAL ASSOCIATION, hereinafter "Defendant") to stop Defendant's practice of falsely advertising that they will provide consumers funds for referrals  when they have no intention to provide such funds and to obtain redress for a nationwide class of consumers ("Class Members") who were misled, within the applicable statute of limitations period, by Defendant.

2. Defendant advertised to consumers that if they opened up a premier bank account and referred someone else to open up a premier bank account with Defendant, then these consumers would receive funds. However, Defendant never provided and had no intention to provide these funds.

3. Defendant misrepresented and falsely advertised to Plaintiff and others similarly situated that they would provide these funds.

4. Defendant's misrepresentations to Plaintiff and others similarly situated caused them to purchase Defendant's services and provide them with thousands of dollars, when they would not have purchased these services or provided these funds absent these misrepresentations.

5. Defendants took advantage of Plaintiff and similarly situated consumers unfairly and unlawfully.

## JURISDICTION AND VENUE

6. This class action is brought pursuant to Federal Rule of Civil Procedure 23.

7. This matter is properly venued in the United States District Court for the Central District of California, in that Defendant does business in the Central District of California and has its principal place of business and headquarters

within this district. A substantial portion of the events giving rise to Defendant's liability took place in this district.

8. There is original federal subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat. 4 (Feb. 18, 2005), by virtue of 28 U.S.C. §1332(d)(2), which explicitly provides for the original jurisdiction of federal courts in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a State different from the State of citizenship of any defendant, and the matter in controversy exceeds the sum of $5,000,000.00, exclusive of interests and costs.

9. In the case at bar, there are at least 100 members in the proposed Class, the total claims of the proposed Class members are in excess of $5,000,000.00 in the aggregate, exclusive of interests and costs, and Plaintiff seeks to represent a nationwide class of consumers, establishing minimum diversity.

**THE PARTIES**

10. Plaintiff EDGAR WOLFF is a citizen and resident of the State of California, County of Los Angeles.

11. Defendant HSBC BANK USA, NATIONAL ASSOCIATION is a Foreign Stock National Association with its United States principal place of business in Virginia. Defendant is a bank that owns hundreds of locations across the United States.

12. Plaintiff is informed and believes, and thereon alleges, that at all time relevant, Defendant's sales of products and services are governed by the controlling law in the state in which they do business and from which the sales or products and services, and the allegedly unlawful acts originated, which is California.

13. Plaintiff is informed and believes, and thereon alleges, that each and

all of the acts and omissions alleged herein were performed by, or is attributable to, Defendant and/or its employees, agents, and/or third parties acting on their behalf, each acting as the agent for the other, with legal authority to act on the other's behalf. The acts of any and all of Defendant's employees, agents, and/or third parties acting on its behalf, were in accordance with, and represent, the official policy of Defendants.

14. Plaintiff is informed and believes, and thereon alleges, that said Defendants are in some manner intentionally, negligently, or otherwise responsible for the acts, omissions, occurrences, and transactions of each and all their employees, agents, and/or third parties acting on their behalf, in proximately causing the damages herein alleged.

15. At all relevant times, Defendant ratified each and every act or omission complained of herein. At all relevant times, Defendant, aided and abetted the acts and omissions as alleged herein.

**PLAINTIFF'S FACTS**

16. In or around April of 2016, Plaintiff, while at his home in Los Angeles County, visited Defendant on its website, where Plaintiff was subject to multiple advertisements and representations by Defendant who was engaged in soliciting business to Plaintiff and similarly situated consumers.

17. Plaintiff was drawn to Defendant's "Share the Experience" promotion, which was a promotion whereby Defendant claimed to provide a referral fee of $100 to individuals that opened an advanced or premier account with HSBC and referred another person to open up an advanced or premier account as well.

18. In order to receive the $100 that was offered, Plaintiff decided to open up an advanced account for himself, whereby he was required to have a minimum balance of $10,000 in order to avoid additional fees, and then refer his wife.

Plaintiff accomplished this by opening and funding $10,000 into his premier account and then referring his wife to open an account.

19. Plaintiff's wife then opened an advanced account and deposited $10,000 into the account.

20. While Plaintiff was opening the account, Plaintiff had multiple communications, via telephone and email, with an agent and representative authorized to act on Defendant's behalf by the name of Jose M. Cotto.

21. Mr. Cotto reaffirmed Defendant's "Share the Experience" promotion multiple times and provided details and assistance to have Plaintiff and his wife open up the accounts and meet all the necessary requirements for Plaintiff to receive the $100.

22. However, despite the representations, Defendant refused to provide Plaintiff with the $100 referral after meeting all the promotion requirements.

23. Plaintiff has contacted Defendant multiple times via telephone and email and has yet to receive the $100.

24. Such sales tactics rely on falsities and have a tendency to mislead and deceive a reasonable consumer.

25. Plaintiff is informed, believes, and thereupon alleges that such representations were part of a common scheme to mislead consumers and incentivize them to purchase Defendant's services.

26. Plaintiff relied upon Defendant's representations.

27. Had Defendant properly marketed, advertised, and represented the requirements to obtain the referral fee, Plaintiff would not have opened up an account with Defendant.

28. Defendant benefited from falsely representing the referral fee in that Plaintiff opened a premier account with Defendant and provided funds to Defendant. Defendant benefited on the loss to Plaintiff and provided nothing of

benefit to Plaintiff in exchange.

29. Had Defendants properly marketed, advertised, and represented promotion, no reasonable consumer would have believed that they would receive $100 for opening an advanced or premier account and referring someone else to open a similar account.

**CLASS ACTION ALLEGATIONS**

30. Plaintiff brings this action, on behalf of himself and all others similarly situated, and thus, seeks class certification under Federal Rule of Civil Procedure 23.

31. The class Plaintiff seeks to represent (the "Class") is defined as follows:

> All consumers, who, between the applicable statute of limitations and the present, opened an advanced or premier account with Defendant, referred a third party to open an advanced or premier account with Defendant, and did not receive the $100 funds pursuant to Defendant's "Share the Experience" promotion.

32. As used herein, the term "Class Members" shall mean and refer to the members of the Class described above.

33. Excluded from the Class is Defendant, its affiliates, employees, agents, and attorneys, and the Court.

34. Plaintiff reserves the right to amend the Class, and to add additional subclasses, if discovery and further investigation reveals such action is warranted.

35. Upon information and belief, the proposed class is composed of thousands of persons. The members of the class are so numerous that joinder of all members would be unfeasible and impractical.

36. No violations alleged in this complaint are contingent on any individualized interaction of any kind between class members and Defendant.

37. Rather, all claims in this matter arise from the identical, false,

affirmative written statements that the services would be provided for Class Members', when in fact, such representations were false.

38. There are common questions of law and fact as to the Class Members that predominate over questions affecting only individual members, including but not limited to:

(a) Whether Defendant engaged in unlawful, unfair, or deceptive business practices in offering free tickets to Plaintiff and other Class Members with no intention of providing them;

(b) Whether Defendant made misrepresentations with respect to the price of the tickets;

(c) Whether Defendant profited from these advertisements;

(d) Whether Defendant violated California Bus. & Prof. Code § 17200, *et seq*. and California Bus. & Prof. Code § 17500, *et seq*.;

(e) Whether Plaintiff and Class Members are entitled to equitable and/or injunctive relief;

(f) Whether Defendant's unlawful, unfair, and/or deceptive practices harmed Plaintiff and Class Members; and

(g) The method of calculation and extent of damages for Plaintiff and Class Members.

39. Plaintiff is a member of the class he seeks to represent

40. The claims of Plaintiff are not only typical of all class members, they are identical.

41. All claims of Plaintiff and the class are based on the exact same legal theories.

42. Plaintiff has no interest antagonistic to, or in conflict with, the class.

43. Plaintiff is qualified to, and will, fairly and adequately protect the

interests of each Class Member, because Plaintiff was induced by Defendant's advertisement during the Class Period. Defendant's unlawful, unfair and/or fraudulent actions concerns the same business practices described herein irrespective of where they occurred or were experiences. Plaintiff's claims are typical of all Class Members as demonstrated herein.

44. Plaintiff will thoroughly and adequately protect the interests of the class, having retained qualified and competent legal counsel to represent himself and the class.

45. Common questions will predominate, and there will be no unusual manageability issues.

## FIRST CAUSE OF ACTION

### Violation of the California False Advertising Act

### (Cal. Bus. & Prof. Code §§ 17500 *et seq.*)

46. Plaintiff incorporates by reference each allegation set forth above.

47. Pursuant to California Business and Professions Code section 17500, *et seq*., it is unlawful to engage in advertising "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading...or...to so make or disseminate or cause to be so made or disseminated any such statement as part of a plan or scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

48. California Business and Professions Code section 17500, *et seq*.'s prohibition against false advertising extends to the use of false or misleading written statements.

49. Defendant misled consumers by making misrepresentations and untrue statements about "Share the Experience" promotion, namely, Defendant made consumers believe that if they opened up an advanced or premier account

and referred a third party that opened up an advanced or premier account then they would receive $100.

50. Defendants knew that their representations and omissions were untrue and misleading, and deliberately made the aforementioned representations and omissions in order to deceive reasonable consumers like Plaintiff and other Class Members.

51. As a direct and proximate result of Defendant's misleading and false advertising, Plaintiff and the other Class Members have suffered injury in fact. Plaintiff reasonably relied upon Defendant's representations regarding the promotion, namely that they would receive $100 for opening an account and referring a third party. In reasonable reliance on Defendant's false advertisements, Plaintiff and other Class Members opened advanced and premier accounts with Defendant and provided Defendant with thousands of dollars.

52. Plaintiff alleges that these false and misleading representations made by Defendant constitute a "scheme with the intent not to sell that personal property or those services, professional or otherwise, so advertised at the price stated therein, or as so advertised."

53. Defendant advertised to Plaintiff and other putative class members, through written and oral representations and omissions made by Defendants and their employees.

54. Defendant knew that it would not provide Plaintiff and Class Members with the $100 offered.

55. Thus, Defendant knowingly lied to Plaintiff and other putative class members in order to induce them to open up accounts with Defendant and provide them with their funds.

56. The misleading and false advertising described herein presents a continuing threat to Plaintiff and the Class Members in that Defendants persist and

continue to engage in these practices, and will not cease doing so unless and until forced to do so by this Court. Defendant's conduct will continue to cause irreparable injury to consumers unless enjoined or restrained. Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendants to cease their false advertising, as well as disgorgement and restitution to Plaintiff and all Class Members Defendant's revenues associated with their false advertising, or such portion of those revenues as the Court may find equitable.

**SECOND CAUSE OF ACTION**

**Violation of Unfair Business Practices Act**

**(Cal. Bus. & Prof. Code §§ 17200 *et seq*.)**

57. Plaintiff incorporates by reference each allegation set forth above.

58. Actions for relief under the unfair competition law may be based on any business act or practice that is within the broad definition of the UCL. Such violations of the UCL occur as a result of unlawful, unfair or fraudulent business acts and practices. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm--that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

**UNFAIR**

59. California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice." Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to consumers, offends public policy, and is immoral,

unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Plaintiff reserves the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

60. In order to satisfy the "unfair" prong of the UCL, a consumer must show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to consumers or competition; and, (3) is not one that consumers themselves could reasonably have avoided.

61. Here, Defendant's conduct has caused and continues to cause substantial injury to Plaintiff and members of the Class. Plaintiff and members of the Class have suffered injury in fact due to Defendant's decision to mislead consumers. Thus, Defendant's conduct has caused substantial injury to Plaintiff and the members of the Class.

62. Moreover, Defendant's conduct as alleged herein solely benefits Defendant while providing no benefit of any kind to any consumer. Such deception utilized by Defendant convinced Plaintiff and members of the Class that they would receive $100, in order to induce them to open up accounts and refer third parties to open up accounts. In fact, knowing that they had no intention of providing the $100, Defendants unfairly profited. Thus, the injury suffered by Plaintiff and the members of the Class is not outweighed by any countervailing benefits to consumers.

63. Finally, the injury suffered by Plaintiff and members of the Class is not an injury that these consumers could reasonably have avoided. After Defendant falsely represented the referral fees these consumers suffered injury in fact. Defendant failed to take reasonable steps to inform Plaintiff and class

members that the advertisement was false, including failing to provide an opportunity to Plaintiff and class members to read and review an accurate description of what was offered. As such, Defendants took advantage of Defendant's position of perceived power in order to deceive Plaintiff and the Class. Therefore, the injury suffered by Plaintiff and members of the Class is not an injury which these consumers could reasonably have avoided.

64. Thus, Defendant's conduct has violated the "unfair" prong of California Business & Professions Code § 17200.

**FRAUDULENT**

65. California Business & Professions Code § 17200 prohibits any "fraudulent ... business act or practice." In order to prevail under the "fraudulent" prong of the UCL, a consumer must allege that the fraudulent business practice was likely to deceive members of the public.

66. The test for "fraud" as contemplated by California Business and Professions Code § 17200 is whether the public is likely to be deceived. Unlike common law fraud, a § 17200 violation can be established even if no one was actually deceived, relied upon the fraudulent practice, or sustained any damage.

67. Here, not only were Plaintiff and the Class members likely to be deceived, but these consumers were actually deceived by Defendant. Such deception is evidenced by the fact that Defendant did not provide Plaintiff and the other Class Members with the $100. Plaintiff's reliance upon Defendant's deceptive statements is reasonable due to the unequal bargaining powers of Defendants and Plaintiff. For the same reason, it is likely that Defendant's fraudulent business practice would deceive other members of the public.

68. As explained above, Defendants deceived Plaintiff and other Class Members by representing the $100 referral fee.

69. Thus, Defendant's conduct has violated the "fraudulent" prong of

California Business & Professions Code § 17200.

**UNLAWFUL**

70. California Business and Professions Code Section 17200, et seq. prohibits "any unlawful…business act or practice."

71. As explained above, Defendants deceived Plaintiff and other Class Members by representing the $100 referral fee.

72. Defendant used false advertising, marketing, and misrepresentations to induce Plaintiff and Class Members to charge higher interest, in violation of California Business and Professions Code Section 17500, et seq. Had Defendant not falsely advertised, marketed or misrepresented referral fee, Plaintiff and Class Members would not have opened up accounts with Defendant and provided them with their funds. Defendant's conduct therefore caused and continues to cause economic harm to Plaintiff and Class Members.

73. These representations by Defendant are therefore an "unlawful" business practice or act under Business and Professions Code Section 17200 *et seq*.

74. Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Plaintiff and Class Members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Plaintiff and Class Members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**MISCELLANEOUS**

75. Plaintiff and Class Members allege that they have fully complied with all contractual and other legal obligations and fully complied with all conditions precedent to bringing this action or all such obligations or conditions are excused.

## REQUEST FOR JURY TRIAL

76. Plaintiff requests a trial by jury as to all claims so triable.

## PRAYER FOR RELIEF

77. Plaintiff, on behalf of himself and the Class, requests the following relief:

(a) An order certifying the Class and appointing Plaintiff as Representative of the Class;

(b) An order certifying the undersigned counsel as Class Counsel;

(c) An order requiring Defendants, at their own cost, to notify all Class Members of the unlawful and deceptive conduct herein;

(d) An order requiring Defendants to engage in corrective advertising regarding the conduct discussed above;

(e) Actual damages suffered by Plaintiff and Class Members as applicable or full restitution of all funds acquired from Plaintiff and Class Members from the charging higher interest during the relevant class period;

(f) Punitive damages, as allowable, in an amount determined by the Court or jury;

(g) Any and all statutory enhanced damages;

(h) All reasonable and necessary attorneys' fees and costs provided by statute, common law or the Court's inherent power;

(i) Pre- and post-judgment interest; and

(j) All other relief, general or special, legal and equitable, to which Plaintiff and Class Members may be justly entitled as deemed by the Court.

Dated: February 24, 2017 Respectfully submitted,

LAW OFFICES OF TODD M. FRIEDMAN , PC

By: /s Todd. M. Friedman
TODD M. FRIEDMAN, ESQ.
Attorney for Plaintiff Edgar Wolff